UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PATRICK AND MIRIAM BARBER,

        Plaintiff,

        Civil Action No.

GC SERVICES, LP,

        Defendant.

_____

COMPLAINT AND DEMAND FOR JURY TRIAL

INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C, § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

PARTIES

4. Plaintiffs Patrick and Miriam Barber are natural persons residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant GC Services, LP, (hereinafter "GC") is a foreign business corporation organized and existing under the laws of the State of Texas and is a "debt collector" as that term in defined by 15 U.S.C. § 1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## FACTUAL ALLEGATIONS

9. The Plaintiff incurred a debt for a Household Finance credit card. The debt will be referred to as "the subject debt".

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term in defined by 15 U.S.C. § 1692a(5).

11. That the Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant was employed by Household Finance or the current creditor to collect on the subject debt.

13. That on or about June, 2011, Mr. and Mrs. Barber began receiving repeated telephone calls from Defendant attempting to collect on an alleged debt. Defendant was repeatedly leaving messages on Mr. and Mrs. Barber's home phone and cell phone voicemails thereafter.

14. Specifically, on June 24, 2011 Defendant's employee, "Tiffany Watson" called Mr. and Mrs. Barber's cell phones and left messages which failed to identify herself as a debt collector attempting to collect a debt as required by 15 U.S.C. § 1692e(11) and Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 643 (S.D.N.Y. 2006).

15. Later that same day, Defendant called Mr. and Mrs. Barber's neighbor and told the neighbor that said she had "an urgent message form CSX Transportation that they (CSX) had been trying to reach Patrick but had been unable to at their phone numbers." The neighbor then rushed over to my client's house, visibly shaken and handed over a piece of paper that said "Tiffany Watson, CSX Transportation, 314-851-4309".

16. Mr. Barber works for CSX and thought these messages had something to do with an emergency at work, As such, he frantically called the provided number and at that time

realized that "Tiffany Watson" was a debt collector employed by Defendant calling in an attempt to collect an alleged debt.

17. Defendant's actions also caused Mr. & Mrs. Barber's telephone to ring repeatedly in an attempt to harass my client, which calls are a violation of the 15 U.S.C. § 1692d (5).

## CAUSES OF ACTION

18. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in Paragraphs 1- 18 above.

19. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et. seq.) as follows:

   A. Defendant violated 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.

   B. Defendant violated 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692 e(5) and 15 U.S.C. § 1692e(10) by misrepresenting the urgency upon which my clients must take action or face threatened action. These statements and actions are false and misleading.

   C. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide written notice setting forth the specifics relating to the debt and notifying them of the right to request validation of the debt.

   E. Defendant violated 15 U.S.C. § 1692(e)5 because its conduct is a misrepresentation aimed at intimidating and threatening, and done with the intention to harass my clients and coerce them into paying this alleged debt by a threat.

   F. Defendant is in violation of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. 227, which expressly prohibits using an automatic dialer or prerecorded message without the prior consent of the called party.

20. That as a result of the Defendant's FDCPA violation as alleged herein, Plaintiffs became nervous, upset, anxious and suffered from emotional distress.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k;

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

(d) For such other and further relief as may be just and proper.

## JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: August 3, 2011
Buffalo, NY

/s/ Jennifer A. Hurley

---

Jennifer A. Hurley, Esq.
390 Elmwood Avenue
Buffalo, NY 14222
(716) 883-4967
jhurley@hurleylawfirm.net